they have chosen to state the particulars, namely, that an advance of money was made, that stock was received as collateral, that it was sold and that it produced a certain sum of money which, being deducted from the advance made, left a balance which, with accrued interest, amounted to the sum stated. It was not necessary in a case like this for them to allege the demand for the advance and notice of the contemplated sale of the securities. This would form, if the defendant were prejudiced by it, the subject of a legal defense, as already suggested, but it does not constitute a good cause of demurrer, inasmuch as it does not appear from the facts stated in the complaint that the plaintiffs were not fully authorized to make the sale of the stock which was consummated. In order to determine that the sale was unauthorized we should have to assume that, by the agreement between the parties, the sale was not to be made until after demand for the payment of the loan was made and notice of the sale of the stock given."

*David Tomlinson*, for the appellant.

*S. W. Fullerton*, for the respondents.

Opinion by Brady, J.; Davis, P. J., and Daniels, J., concurred. Judgment and order affirmed, with costs.

----

William S. Livingston *v.* William Gordon and others.— Motion granted.

In the Matter of the Final Accounting of Horace Gray and others, *Executors, &c.*— Motion to dismiss the appeal as far as it affects the allowance to the special guardian, E. R. Meade, granted without costs, and proceedings in respect to such allowance remanded to the surrogate for further action. Opinion, *Per Curiam*.

In the Matter of the Final Accounting of Horace Gray and others.— Motion of respondent to dismiss appeal on the ground of non-service of papers denied, without costs.

Michael Gernon, *Appellant, v.* Joseph B. Hoyt, *Respondent.*— Motion for reargument denied.